# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:11-CR-21-1-TLS |
| JARVIS T. BUCHANAN | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Withdraw [ECF No. 433], filed by Attorney Thomas N. O'Malley on April 10, 2019. For the reasons set forth below, the Court grants Attorney O'Malley's Motion to Withdraw.

On February 22, 2019, the Defendant filed a letter, requesting the appointment of counsel to determine his eligibility for a sentence reduction under recently enacted statutes. (ECF No. 429). On February 27, 2019, the Court entered an Order, referring this matter to the Northern District of Indiana Community Federal Defenders to consider representing the Defendant with respect to any pursuit of a sentence modification, directing the United States Probation Office to file a short report to address the applicability of § 404 of the First Step Act of 2018 and the retroactive application of the Fair Sentencing Act of 2010 in this case, and setting deadlines. (ECF No. 430). On February 27, 2019, Attorney Thomas N. O'Malley entered his appearance on behalf of the Defendant. (ECF No. 431). On March 29, 2019, the United States Probation Office filed an Addendum to the Presentence Report (ECF No. 432), advising that the First Step Act has no impact on the Defendant's statutory mandatory minimum sentence or his supervised release.

Subsequently, Attorney O'Malley filed the instant Motion to Withdraw on the basis that the Defendant is not entitled to a reduction in his sentence under the new guideline calculations. Pursuant to the Court's Order, the Defendant then had thirty days to file a pro se motion for

reduction of sentence. (ECF No. 430). More than thirty days have elapsed since Attorney O'Malley filed his Motion to Withdraw, and the Defendant has not filed a pro se motion for reduction of sentence.

Section 404 of the First Step Act permits a court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—lowered the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, i.e., certain crack cocaine offenses. *See* First Step Act, § 404(a); *see also Dorsey v. United States*, 567 U.S. 260, 269 (2012) (noting that the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum").

On February 20, 2015, the Defendant was sentenced to 121 months of imprisonment and two years of supervised release after pleading guilty to conspiracy to distribute and posses with the intent to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base, commonly known as crack, Schedule II Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 846, charged in Count 1 of the Indictment. (ECF Nos. 1, 90, 102, 413, 414). The Defendant's offense was committed on or about February 10, 2010, and continuing until on or about January 29, 2011. (Indictment, Count 1, ECF No. 1). The penalty for this violation is 5 to

40 years imprisonment followed by a term of supervised release of at least 4 years. *See* 21 U.S.C. § 841(b)(1)(B).

The Defendant was convicted of a "covered offense" under Section 404 of the First Step Act, and the offense was committed prior to August 3, 2010. However, the Defendant is not entitled to relief under the First Step Act because his sentence was imposed on February 20, 2015, after the August 10, 2010 effective date of the Fair Sentencing Act, and his sentence was imposed in accordance with the amendments to 21 U.S.C. § 841(b)(1)(B). *See* First Step Act § 404(c) ("No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . ."). In addition, the sentence was imposed after the November 1, 2014 effective date of Amendment 782. In other words, the Defendant has already received the benefit of both the Fair Sentencing Act and Amendment 782. The Court notes that, in his February 22, 2019 letter, the Defendant comments that the calculation of the amount of crack in the presentence investigation report, which remains under seal, "seems to calculate up to a lot." (ECF No. 429). However, there were no objections to the calculation of the amount of crack raised at the time of sentencing.

Additionally, the execution of sentences and the computation of jail time is an administrative function under the authority of the Office of the Attorney General, which has delegated this task to the BOP. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). Nothing in the First Step Act transfers that authority to the courts. *See, e.g.*, 18 U.S.C. § 3642 (setting forth the duties of the Bureau of Prisons as it pertains to prerelease custody). Accordingly, the Court cannot discern any basis for the Defendant to receive relief from the Court under the First Step Act.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Motion to Withdraw [ECF No. 433], and the appearance of Attorney Thomas N. O'Malley on behalf of the Defendant is hereby withdrawn.

SO ORDERED on June 5, 2019.

                                             s/ Theresa L. Springmann
                                             CHIEF JUDGE THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT